THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CLARENCE D. JOHNSON, JR., | CASE NO. C21-0483-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| COMMON AREAS, *et al.*, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On April 29, 2021, Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis* (IFP) and recommended the Court review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 6.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. To state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable legal theory." *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Because Mr. Johnson, Jr. is proceeding *pro se*, the Court construes his complaint liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Mr. Johnson, Jr. brings suit against "Common Areas," the NHL Commissioner, the United States Tennis Association, NASCAR owner Steve Phelps, and the NBA Commissioner. (Dkt. No. 1-1.) But he fails to provide allegations supporting a claim, simply indicating that the defendants are liable for "ICC" and "Dept of Energy crimes." (*Id. a*t 5.) Nor does he indicate what relief he seeks, other than to direct the responding party to "contact the Cochran law firm for damages 1-800-843-3476." (*Id.*). This does not provide Defendants with the nature of the claims asserted against them. Nor does it allege a plausible claim for which the Court can provide relief. *See Iqbal*, 662 U.S. at 678.

Although the Court finds that Mr. Johnson, Jr.'s complaint fails to state a claim upon which relief can be granted, it will not dismiss the complaint unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). Accordingly, the Court will provide Mr. Johnson, Jr. an opportunity to file an amended complaint curing the deficiencies identified above.

The Court ORDERS Mr. Johnson, Jr. to file an amended complaint within twenty-one (21) days of the date of this order. In his amended complaint, he must include a short and plain statement of the facts supporting each claim against each named Defendant, a basis for the Court's jurisdiction, the relief he seeks, and a cognizable theory for that relief. If he fails to do so, the Court will dismiss this action.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

//

DATED this 29th day of April 2021.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk

MINUTE ORDER
C21-0483-JCC
PAGE - 3